**Mail Receive Date: 2011-05-02**

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

CHRISTINA BRAUN,

Plaintiff,

                                         CASE NO.:

-vs-

WAL-MART STORES EAST, LP, a foreign
limited partnership,

Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE

PURSUANT TO Rule 1.350, Florida Rules of Civil Procedure, Plaintiff, CHRISTINA

BRAUN, by and through her undersigned attorneys, hereby requests Defendant, WAL-MART

STORES EAST, LP, a foreign limited partnership, produce for inspection or copying the documents

set forth below.  Defendant shall produce these documents at One Tampa City Center, 201 N.

Franklin Street 7th Floor, Tampa, Florida 33602 within forty-five (45) days after service of this

Request to Produce.

**DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:**

1.     Any and all statements, written or recorded, made by any employees of Defendant
       pertaining to or concerning the subject incident.

2.     Any and all incident reports filed pertaining to or concerning the subject incident.

3.     Any and all statements, written or recorded, made by the Plaintiff pertaining to or
       concerning the subject incident.

4.     Any and all statements, written or recorded, made by any witnesses pertaining to or
       concerning the subject incident.

5.     Any and all statements, written or recorded, pertaining to the Plaintiff.

Mail Receive Date: 2011-05-02

6.    Any and all color photographs, drawings, sketches or diagrams of the area in which the subject incident occurred.

7.    A copy of any and all insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including, but not limited to, a certified copy of the declarations sheet as to each such policy.

8.    Copies of videotapes from surveillance cameras showing the area where the incident occurred on the date of the fall.

9.    Any photograph or videotape showing the Plaintiff.

10.    Any and all general operations and procedural manual in use at the time of the fall.

11.    Any and all department procedural manuals dealing in any way with spills, clean ups or customer safety.

12.    Any and all written material supplied to employees at the time of hire.

13.    Any and all written material supplied and made available to employees during training.

14.    Copy of all videotapes supplied to or viewed by employees upon being hired or during initial training.

15.    All instructional audiotapes made available to employees at the time of hiring or during initial training.

16.    Any and all minutes of any safety meeting held during the year of the fall.

    I HEREBY CERTIFY that a true copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

                        Joseph R. Bryant, Esquire
                        Morgan & Morgan, P.A.
                        One Tampa City Center
                        201 N. Franklin Street, 7th Floor
                        Tampa, FL 33602
                        Tele: (813) 223-5505
                        Fax: (813) 223-5402
                        Florida Bar #: 561444
                        Attorney for Plaintiff(s)

`Mail Receive Date: 2011-05-02`

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

CHRISTINA BRAUN,

Plaintiff,

                                        CASE NO:

-vs-

WAL-MART STORES EAST, LP, a foreign
limited partnership,

Defendant.

_____/

## NOTICE OF SERVING INTERROGATORIES

TO:    WAL-MART STORES EAST, LP

       PURSUANT TO Rule 1.340, Florida Rules of Civil Procedure, you are required to answer

the following Interrogatories in writing and under oath within forty-five (45) days from the date of

service.

       I HEREBY CERTIFY that an original and one copy of the Interrogatories numbered one

(1) through (23) have been furnished to the Defendant together with the Summons and

Complaint.

                                        Joseph R. Bryant, Esquire
                                        Morgan & Morgan, P.A.
                                        One Tampa City Center
                                        201 N. Franklin Street, 7th Floor
                                        Tampa, FL 33602
                                        Tele: (813) 223-5505
                                        Fax: (813) 223-5402
                                        Florida Bar #: 561444
                                        Attorney for Plaintiff

## INTERROGATORIES TO DEFENDANT

1.  Please state the names, addresses and job titles and, if an officer of a corporation, identify such office of position of all persons participating in the answering of these interrogatories.

2.  Were you aware, prior to the filing of the Complaint in this action that the Plaintiff, CHRISTINA BRAUN, was injured while in the health and beauty aisle of Wal-Mart located 1208 E. Highway 60, Brandon, Florida on December 14, 2009? If so, state when and by whom the occurrence described in the Complaint was made known to you and whether said notice was written or oral, and if written, the name and address of the person who now has custody of said written notice.

3.  Please state the names, addresses and job titles of any and all persons who were responsible for the maintenance and/or inspection of the subject area on the date of the alleged occurrence, including outside contractors. Also, please state name, address and telephone number of manager and assistant manager at the time of the incident.

4.  State the name, address and job title of all employees on duty at the time of the alleged occurrence and give their location at the time of the events set forth in the Complaint.

5.  Plaintiff, CHRISTINA BRAUN alleges that the presence of a wet substance on the floor of the health and beauty aisle caused her to fall and sustain injuries. Do you contend that the presence of such wet substance did not cause Plaintiff to fall and sustain injuries? If so, state the reasons for said belief and what you contend did cause Plaintiff's injuries.

Mail Receive Date: 2011-05-02

6.  Were you or any of your employees aware of the presence of the wet substance on the floor of the health and beauty aisle prior to the accident?  If so, state the name, address and job title of each individual who was aware of the presence of the wet substance on the floor of the health and beauty aisle , the circumstances under which such notice was received, the name or other means of identification of each person who so informed said individual(s), and a description of any action which was taken as a result of such notice.

7.  State the reason and the length of time that the wet substance existed at the scene of the accident.

8.  Of what type material was the floor surface made at the scene of the accident?

9.  Was there a rug, mat or other form of floor covering on the floor at the time of the accident?  If so, describe such floor covering, giving details as to size, color and manner by which it was fastened to the floor.

10. Was there a crack, hole or other defect in the floor or floor covering at the time of the accident? If so, describe each such defect.

11. By what means was the scene of the accident lighted at the time Plaintiff was injured?

Mail Receive Date: 2011-05-02

12.    If any lighting was by artificial means, state the type of lights used, the number of lights, the wattage of each light, and the distance of each light from the scene of the accident.

13.    Did you or any employee receive any complaint, warning or other notice concerning a dangerous or defective condition on the premises prior to the accident? If so, state the date and time received, and substance of said notice, the name or other means of identification and address of the person by whom it was given, the nature and location of the danger or defect to which it related and what actions, if any, were taken as a result of it.

14.    Has any other accident occurred on your premises in the same area as or in a similar manner to, the accident in which Plaintiff herein was injured? If so, state the date and time it occurred, a description of how it occurred, the name or other means of identification and address of the person to whom it occurred, the location in which it occurred and what, if any, safety precautions were taken as a result of it.

15.    Was an investigation made by you or in your behalf as a result of the incident cited in the Complaint filed by Plaintiff? If so, state the date it was made, the name, address and occupation of each person who made it and whether any report was made of it.

Mail Receive Date: 2011-05-02

16.     Were any statements obtained by you or in your behalf from any person concerning
        the accident?  If so, state the date and time it was obtained, the name, address and
        occupation of the person who made it and whether it was written or oral and if
        written, the name and address of the person who has custody of it.

17.     Did any person witness the accident?  If so, state the name or other means of
        identification, address, occupation and name of witness and the location from which
        (s)he witnessed the accident.

18.     Do you know of anyone who took or claims to have taken any photographs of the
        scene of the accident, the persons or objects involved?  If so, state the subject matter
        of such photographs, the date each was taken, the identity and address of the person
        or persons taking such photographs and the name and address of each person who
        has possession or control of such photographs.

19.     Are you protected by any insurance company indemnifying you against the type of
        risk on which Plaintiff's claim is based?  If so, state the name and address of each
        insurer, the number of each policy and the type of coverage.

20.     Did you have an agent or employee whose duties included the cleaning,
        maintenance or care of the subject area?  If so, please state the name, address and job
        title of said individual, a description of his duties and the date and time  said duties
        were last performed in the subject area before the accident.

21.     Please identify by name or description all written documents that are given to new employees at the time they are hired or during initial training sessions.

22.     Please identify all videotapes, films or audio tapes that new employees view or listen to at the time of their initial hiring and training.

23.     Are safety meeting held regularly at the store?  If so, please identify by name, address and telephone number of the person in charge of preparing and conducting these safety meetings.

Mail Receive Date: 2011-05-02

_____

STATE OF _____

COUNTY OF _____

    I HEREBY CERTIFY that the foregoing Interrogatories to Defendant were acknowledged before me this _____ day of _____, 2011, by _____ _____, who has produced _____ as identification or who is personally known to me and who did/did not take and oath.

                             _____
                             Notary Public

                             Name:_____
                                 (printed or typed)

                             My commission expires:

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

CHRISTINA BRAUN,

Plaintiff,

CASE NO.:

-vs-

WAL-MART STORES EAST, LP, a foreign
limited partnership,

Defendant.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS

TO:   WAL-MART STORES EAST, LP

PURSUANT TO Rule 1.370, Florida Rules of Civil Procedure, Plaintiff, CHRISTINA

BRAUN, by and through her undersigned attorneys, hereby requests Defendant, WAL-MART

STORES EAST, LP, a foreign limited partnership, admit or deny the following within forty-five

(45) days after the date of service hereof.

1.     That wet substance existed on the floor of the health and beauty aisle in the Wal-Mart located at 1208 E. Highway 60 on the date of the incident.

2.     That the Plaintiff, CHRISTINA BRAUN, reported the existence of the wet substance on the floor of the health and beauty aisle in Wal-Mart located at 1208 E. Highway 60 to an agent, servant or employee of Wal-Mart.

3.     That a written policy of inspection exists within Wal-Mart.

4.     That a verbal policy of inspection exists within Wal-Mart.

5.     That Plaintiff's medical bill from Brandon Regional Medical Center for date of service of December 14, 2009 in the amount of $2,043.50 was reasonable, necessary and related to the incident.

6.     Plaintiff's medical bills were reasonable, necessary and related to the accident.

## SUPPLEMENTAL INTERROGATORY

7.      If any above Request for Admissions have been denied please explain the facts or reasons for said denial.

_____

SWORN TO and subscribed before me this _____ day of _____, 2011.

_____
Notary Public
My commission expires:_____

I HEREBY CERTIFY that a true and correct copy of the forgoing has been furnished to the Defendant, together with the Summons and Complaint.

_____
Joseph R. Bryant, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 561444
Attorney for Plaintiff(s)

/sa

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

CHRISTINA BRAUN,

     Plaintiff,

VS.                               CASE NO.: 11-007520

WAL-MART STORES EAST, LP

     Defendant.

_____/

## NOTICE OF APPEARANCE

     YOU WILL PLEASE ENTER the name of the undersigned as attorney of record for Defendant, WAL-MART STORES EAST, LP.   The undersigned respectfully requests that all future pleadings and correspondence be directed to the undersigned as counsel for Defendant.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true copy of the foregoing has been furnished via facsimile and regular U.S. Mail to Joseph Bryant, Esq., 201 N Franklin Street, Seventh Floor, Tampa, FL 33602 on June 30, 2011.

**Andrew S. Bolin, Esquire**
Florida Bar No.: 0569097
**Selen N. Demirpolat, Esquire**
Florida Bar No. 0043681
*Beytin, Bolin, McLaughlin & Willers, P.A.,*
Post Office Box 1772
Tampa, Florida 33601-1772
Telephone:  (813) 226-3000
Facsimile:  (813) 226-3001
Counsel for Defendant, Wal-Mart

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

CHRISTINA BRAUN,

     Plaintiff,

VS.                        CASE NO.: 11-007520

WAL-MART STORES EAST, LP

     Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant, WAL-MART STORES EAST, LP, by and through its undersigned counsel, hereby answers Plaintiff's Amended Complaint as follows:

1.     Without knowledge therefore denied. To the extent the amount in controversy is greater than $75,000.00, proper jurisdiction and venue for this matter lies in the United States District Court for the Middle District of Florida, Tampa Division.

2.     Without knowledge therefore denied.

3.     Admit that Wal-Mart was doing business in Hillsborough County, however Wal-Mart is a foreign corporation and to the extent that the amount in controversy is greater than $75,000.00, proper jurisdiction and venue for this matter lies in the United States District Court for the Middle District of Florida, Tampa Division.

4.     Admit that Wal-Mart was doing business in Hillsborough County, however Wal-Mart is a foreign corporation and to the extent that the amount in controversy is greater than $75,000.00, proper jurisdiction and venue for this matter lies in the United States District Court for the Middle District of Florida, Tampa Division.

5.     Without knowledge therefore denied.

6.      Paragraph 6 is an incomplete and inaccurate statement of Florida law and is therefore denied. Defendant admits to any and all duties imposed upon it under Florida law.

7.      Denied.

8.      Denied.

      a. Denied.

      b. Denied.

      c. Denied.

      d. Denied.

9.      Denied.

10.     Denied.

## MOTION TO DISMISS

DEFENDANT WAL-MART, by and through its undersigned attorney, pursuant to Rule 1.140 Florida Rules of Civil Procedure, hereby moves this Honorable Court for the entry of an Order dismissing any and all allegations of a "negligent mode of operation" contained within Plaintiff's Amended Complaint and in support thereof states:

1.      Plaintiff purports to bring a cause of action for "Negligent Mode of Operation" in Paragraph 7 of her Amended Complaint against Defendant Wal-Mart.

2.      When ruling on a Motion to Dismiss for failure to state a cause of action, the trial court must accept the material allegations as true and is bound to a consideration of the allegations found within the four corners of the Complaint. *Murphy v. Bay Colony Property Owner's Association*, 12 So.3d 924 (Fla. 2d DCA 2009).

3.      The basis for the negligent mode of operation theory, regarding premises that are not in a safe condition, is the claim that the specific mode of operation selected by the premises

owner or operator resulted in the creation of a dangerous or unsafe condition. *See Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256 (Fla. 2002). The dispositive issue is whether the specific method of operation was negligent and whether the accident occurred as a result of that negligence. *See Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315 (Fla. 2001).

4.      Plaintiff fails to allege any facts that support a theory of Negligent Mode of Operation against the Defendant. Instead, the Plaintiff erroneously states that the very existence of the allegedly dangerous substance creates a "negligent mode or method" of operation. *See Plaintiff's Complaint* ¶ 14. No where in Plaintiff's Complaint does she articulate any business practice or method employed by Wal-Mart that would amount to more than a claim for negligence. *See id* at 332.

5.      In cases that have alleged such a cause of action, it has been found that the alleged specific mode or method of operation in question must go beyond the actual allegedly dangerous condition and/or the allegedly dangerous condition's existence. In *Owens* the Court reviewed a similar set of allegations wherein the Plaintiff alleged that the Defendant's failure to sweep on a timely basis and to timely fill out incident reports amounted to support for a claim for negligent mode of operation. *See id.* The Court, in rejecting the Plaintiff's claim on this basis noted that, "although the plaintiffs alleged a negligent mode of operation, the evidence the plaintiffs produced to support such a theory was that [Defendant's] employees had failed to timely fill out inspection reports and sweep on a regular basis. This evidence amounts to no more than a general claim of negligence in the maintenance of the premises and does not support a more specific claim of negligent mode of operation in this case." *Id.*

6.      Allegations sufficient to support a mode-of-operation theory must be specific to a business's choice of a particular mode of operation and not events surrounding the plaintiff's

accident. Thus, the basis for the negligent mode of operation theory is the claim that the specific mode of operation selected by the premises owner or operator resulted in the creation of a dangerous or unsafe condition. *See Markowitz v. Helen Homes of Kendall Corp.,* 826 So.2d 256 (Fla. 2002). For example, *See Etheredge v. Walt Disney World Co.,* 999 So. 2d 669 (Fla. 5th DCA 2008) (wherein the Plaintiff alleged that the theme park operators' practice of encouraging guests to cross a street over a storm drain, that was not in and of itself a dangerous condition, constituted a negligent mode of operation that allegedly caused the Plaintiff injury when she stepped into the storm drain while crossing the street). Plaintiff fails to allege any specific business practice or method of operation to support the cause of action alleged in Count III of the Complaint.

THEREFORE, DEFENDANT WAL-MART respectfully requests the entry of an Order dismissing any and all allegations of a "negligent mode of operation" contained within Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to introduce all applicable collateral source payments to the Plaintiff for the purpose of reducing or eliminating the damages claimed by the Plaintiff herein.

### SECOND AFFIRMATIVE DEFENSE

The damages and injuries of Plaintiff, if any, were proximately caused by other persons or entities over whose activities this Defendant had no control. Therefore this Defendant is not liable to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Defendant is entitled to the protections of F.S. §768.81, comparative fault, and asserts all rights, remedies and limitations to which it is entitled under said Statute.

## FOURTH AFFIRMATIVE DEFENSE

Defendant asserts its entitlement to a setoff for any sums paid by any other Defendants or any other joint tort-feasor as payment or settlement in this cause.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's negligence was the sole proximate cause or a contributing legal cause of the incident and his injuries and damages, if any, and the Plaintiff is therefore precluded from recovery herein or her recovery should be diminished to the extent that Plaintiff's negligence contributed to the subject accident.

## SIXTH AFFIRMATIVE DEFENSE

Defendants assert entitlement to the provisions and protections of F.S. §768.81 insofar as it may be determined that the negligence of non-parties to this action may be determined to be the legal cause of injury to the Plaintiffs herein.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff knew of the existence of the danger complained of in the Complaint, realized and appreciated the possibility of the injury as a result of the danger, and having a reasonable opportunity to avoid said danger, voluntarily exposed herself to the alleged danger.

## EIGHTH AFFIRMATIVE DEFENSE

The danger complained of in the Complaint was an open and obvious condition which was readily apparent to the Plaintiff or any other person on the property and was known, foreseeable and readily detectible to the Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Any alleged dangerous condition on Defendant's property did not exist for a sufficient length of time so that Defendant had either actual or constructive knowledge of the alleged dangerous condition.

## TENTH AFFIRMATIVE DEFENSE

Defendant regularly and adequately inspected the subject premises for any defects, perils, traps, or other dangerous conditions, and no such conditions were known or existed for a sufficient length of time so that Defendant would have either actual or constructive knowledge of the alleged dangerous condition.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants conducted regular, reasonable inspections of the premises for any potentially dangerous conditions that existed on the premises and did not discovery any potentially dangerous condition during their regular inspections, therefore the alleged dangerous condition did not exist for a sufficient length of time in order to put Defendants on actual or constructive notice of the alleged dangerous condition.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant Wal-Mart is a foreign corporation with its principle place of business in Bentonville, Arkansas. Assuming the allegations contained in paragraph 2 of Plaintiff's Complaint are true, there is complete diversity among the Defendants for the purposes of jurisdiction. To the extent that it is alleged that the amount in controversy is greater than $75,000.00, proper jurisdiction and venue for this matter lies in the United States District Court for the Middle District of Florida, Tampa Division.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished via U.S. Mail to Joseph Bryant, Esq., 201 N Franklin Street, Seventh Floor, Tampa, FL 33602 on July 18, 2011.

**Andrew S. Bolin, Esquire**
Florida Bar No.: 0569097
**Selen N. Demirpolat, Esquire**
Florida Bar No. 0043681
*Beytin, Bolin, McLaughlin & Willers, P.A.,*
Post Office Box 1772
Tampa, Florida 33601-1772
Telephone: (813) 226-3000
Facsimile: (813) 226-3001
Counsel for Defendant, Wal-Mart

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

CHRISTINA BRAUN,

      Plaintiff,

VS.                             CASE NO.: 11-007520

WAL-MART STORES EAST, LP

      Defendant.

_____/

### DEFENDANT'S REQUEST FOR ADMISSIONS TO PLAINTIFF

The Defendant, WAL-MART STORES EAST, LP, by and through its undersigned counsel, hereby requests that the Plaintiff, SUSAN KEENE, admit or deny the following Request for Admissions within thirty (30) days from the date of service hereof, pursuant to Rule 1.370 of the Florida Rule of Civil Procedure:

    1.    Admit Plaintiff is a resident of Florida for all times material to the incident that makes up the basis for the Complaint and is presently a resident of Florida.

    2.    Admit that Plaintiff is alleging damages in excess of $75,000.00.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished via facsimile and regular U.S. Mail to Joseph Bryant, Esq., 201 N Franklin Street, Seventh Floor, Tampa, FL 33602 on June 30, 2011.

**Andrew S. Bolin, Esquire**
Florida Bar No.: 0569097
**Selen N. Demirpolat, Esquire**
Florida Bar No. 0043681
*Beytin, Bolin, McLaughlin & Willers, P.A.,*
Post Office Box 1772
Tampa, Florida 33601-1772
Telephone:  (813) 226-3000
Facsimile:  (813) 226-3001
Counsel for Defendant, Wal-Mart

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

CHRISTINA L. BRAUN,

Plaintiff,

CASE NO: 11-007520

-vs-

WAL-MART STORES EAST, LP, , a foreign
limited partnership,

Defendant.

_____/

## PLAINTIFF'S RESPONSE TO REQUEST FOR ADMISSIONS

Plaintiff, CHRISTINA L. BRAUN, by and through her undersigned attorney, responds to

the Request for Admissions of Defendant, WAL-MART STORES EAST, LP, served the 30th day

of June, 2011, as follows:

1.      Admit.

2.      Objection. Invades the province of the jury; work product.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

U.S. Mail this ⬚ day of July, 2011 to:  Andrew S. Bolin, Esquire, Beytin, Bolin, McLaughlin

& Willers, P.A., One Tampa City Center 201 North Franklin Street, Suite 2900, Tampa, FL

33602.

Joseph R. Bryant, Esquire
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 561444
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

CHRISTINA L. BRAUN,

Plaintiff,

CASE NO.:  11-007520

-vs-

WAL-MART STORES EAST, LP, a foreign
limited partnership,

Defendant.

_____/

### DENIAL OF AFFIRMATIVE DEFENSES

COMES NOW the Plaintiff, CHRISTINA L. BRAUN, by and through her undersigned

counsel and hereby responds to Defendant's, WAL-MART STORES EAST, LP, Answer to the

Complaint and denies each and every Affirmative Defense.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

U.S. Mail this ___ day of July, 2011 to:  Andrew S. Bolin, Esquire, Beytin, Bolin, McLaughlin

& Willers, P.A., One Tampa City Center 201 North Franklin Street, Suite 2900, Tampa, FL

33602.

Joseph R. Bryant, Esquire
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
Florida Bar #:  561444
Attorney for Plaintiff

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

CHRISTINA BRAUN,

     Plaintiff,

VS.                                CASE NO.: 11-007520

WAL-MART STORES EAST, LP

     Defendant.
_____/

## NOTICE OF HEARING

     PLEASE TAKE NOTICE that the undersigned will call up a hearing on Plaintiff's

Responses to Defendant's Request for Admissions before the Honorable James D. Arnold,

Circuit Judge, in Chambers at the Hillsborough County Courthouse, 800 E. Twiggs Street, Room

514, Tampa, FL 33602, on **Thursday, July 21, 2011 at 9:00 a.m. (UMC).**

**PLEASE BE GOVERNED ACCORDINGLY.**

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true copy of the foregoing has been furnished via U.S. Mail

to Joseph Bryant, Esq., 201 N Franklin Street, Seventh Floor, Tampa, FL 33602 on July 15,

2011.

**Andrew S. Bolin, Esquire**
Florida Bar No.: 0569097
**Selen N. Demirpolat, Esquire**
Florida Bar No. 0043681
*Beytin, Bolin, McLaughlin & Willers, P.A.,*
Post Office Box 1772
Tampa, Florida 33601-1772
Telephone: (813) 226-3000
Facsimile: (813) 226-3001
Counsel for Defendant, Wal-Mart

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

CHRISTINA BRAUN,

       Plaintiff,

VS.                                  CASE NO.: 11-007520

WAL-MART STORES EAST, LP

       Defendant.

                           /

## **MOTION FOR RE-HEARING**

       Defendant, WAL-MART STORES EAST, LP, by and through its undersigned counsel, and pursuant to Fla.R.Civ.P. 1.530, respectfully moves this Court to reconsider its ruling on July 21, 2011 in light of controlling case law that was not heard and in support states the following:

       1.      Wal-Mart is a foreign corporation, which for the purposes of diversity jurisdiction under 28 U.S.C. 1332(c)(1) was at the time the above captioned action was filed in State Court a "resident" of Bentonville, Arkansas and remains a resident of Bentonville, Arkansas as of the date of this Notice of Removal.

       2.      Plaintiff alleges in her Complaint that she is a resident of Florida.

       3.      Wal-Mart is a foreign corporation whose state of incorporation is Arkansas and who maintains its principle place of business in Bentonville, Arkansas.

       4.      The parties do not dispute diversity of citizenship; the only issue was whether the amount in controversy requirement had been satisfied for purposes of removal to federal court.

       5.      On or about June 30, 2011, Defendant served the Plaintiff a Request for Admissions. A true and correct copy of Defendant's Request for Admissions, served under certificate of service dated June 30, 2011, is attached hereto as "Exhibit A".

6.      Request for Admissions, Paragraph No. 2 states: "Admit that Plaintiff is alleging damages in excess of $75,000.00". See Exhibit A.

7.      On or about July 8, 2011, Plaintiff served her Response to Defendant's Request for Admissions, objecting to Paragraph No. 2 on the basis that it invades the province of the jury and is protected by work product privilege.  A true and correct copy of Plaintiff's Response to Defendant's Request for Admissions, served under certificate of service dated July 8, 2011, is attached hereto as "Exhibit B".

8.      Defendant is entitled to discovery to determine the jurisdictional amount.  See Morock v. Chautauqua Airlines, Inc., 2007 WL 1725232 (M.D. Fla. 2007) (quoting Steele v. Underwriters Adjusting Co., Inc., 649 F.Supp. 1414, 1417 (M.D. Ala. 1986))("a period of discovery which has its sole purpose the determination of the amount in controversy would clarify the jurisdictional question.").

9.      In her Complaint, Plaintiff alleged damages in excess of $15,000.00.

10.     In cases where a Plaintiff has made an unspecified demand for damages, the removing Defendant must prove jurisdiction by a "preponderance of the evidence".  McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936).

11.     To meet the preponderance of the evidence burden, Defendant must prove the amount in controversy "more likely than not" exceeds $75,000.000. Hanna v. Miller, 163 F.Supp.2d 1302, 1305 (D.N.M. 2001).

12.     Because Plaintiff's ad damnum clause is indefinite, the Defendant is permitted to utilize request for admissions to make the record clear that the jurisdictional amount is present. Bonnell v. Seaboard Airline Railroad Company, 202 F. Supp. 53, 55 (M.D. Fla. 1962).

13.     While the purpose of a motion for re-hearing is not to reargue that which was initial argued before the Court, it should bring to the court's attention points of law that have been      overlooked      in      the      original      decision.      Amador      v.      Walker, 862 So.2d 729, 733 (Fla. 5th DCA 2003).

**WHEREFORE**, the Defendant WAL-MART STORES EAST, LP, respectfully requests that this Court reconsider its opinion in light of controlling case law not heard and grant any and all other relief the Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true copy of the foregoing has been furnished via U.S. Mail to Joseph Bryant, Esq., 201 N Franklin Street, Seventh Floor, Tampa, FL 33602 on July 25, 2011.

**Andrew S. Bolin, Esquire**
Florida Bar No.: 0569097
**Selen N. Demirpolat, Esquire**
Florida Bar No. 0043681
*Beytin, Bolin, McLaughlin & Willers, P.A.,*
Post Office Box 1772
Tampa, Florida 33601-1772
Telephone: (813) 226-3000
Facsimile: (813) 226-3001
Counsel for Defendant, Wal-Mart