UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA BRAUN,

    Plaintiff,

v.　　　　　　　　　　　　　CASE NO:  8:11-cv-1691-T-33TBM

WAL-MART STORES EAST, LP,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Braun's Motion for Disbursement of Funds (Doc. # 36), which was filed on August 22, 2012.  On September 13, 2012, Braun additionally filed a Motion for Hearing (Doc. # 37) regarding the Motion for Disbursement of funds.  For the reasons that follow, both motions are denied.

**I. Background**

On or about December 14, 2009, Braun was injured in a slip and fall accident. (Doc. # 36 at 1).  On April 25, 2011, Braun filed a negligence action against Defendant Wal-Mart in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.  (Doc. # 2 at 1).  Wal-Mart filed a Notice of Removal with this Court on July 29, 2011, based on diversity jurisdiction.  (Doc. # 1 at 1).  In connection with the relevant injury, Braun incurred damages

exceeding $146,772.62. (Doc. # 36 at 3). On or about June 29, 2012, Wal-Mart "agreed to pay $90,000 to settle [Braun's] claim." Id. at 2.

On August 22, 2012, Braun filed a "Motion for Equitable Distribution of a Personal Injury Settlement." Id. at 1. In the motion, Braun includes a list of "lien holders [that] have either provided medical services or paid substantial medical bills and other related expenses and indemnity benefits totaling well in excess of the amount to be recovered by [Braun]." Id. at 2. Rather than independently settling her debts with these lien holders, Braun requests, "pursuant to § 768.76, Fla. Stat.," that "this Honorable Court consider evidence in this matter, and make an equitable determination as to the distribution of the recovery proceeds between the parties and lien holders hereto." Id. at 2, 4.

## II. Discussion

The Second District Court of Appeal of Florida encountered a motion similar to Braun's in Tran v. Fragnoli, 834 So. 2d 939 (Fla. 2d DCA 2003). That case involved a dispute between the plaintiff and the Hillsborough County Board of County Commissioners, Health and Social Services Department. Id. Illustrating the factual similarities between Tran and the present case, the background of Tran is

2

summarized as follows:

> [The dispute concerned] medical bills the County paid on [plaintiff's] behalf after he was injured on [defendant's] property. [Plaintiff] sued [defendant] in Pinellas County. Although his damages were substantial, there were significant liability issues. As a result, the parties settled on the morning of trial. When [plaintiff's] counsel notified the County of the settlement, the County demanded that [plaintiff] reimburse the entire amount of his medical bills. [Plaintiff] attempted to compromise the amount . . . . When [plaintiff] and the County could not reach an agreement, [plaintiff] filed a motion in his Pinellas County suit, seeking equitable distribution pursuant to section 768.76, Florida Statutes [ ].

Id. at 939. The trial court denied the plaintiff's motion and concluded that it had no jurisdiction over the County. Id. The Second District Court of Appeal affirmed the trial court's finding that "it lacked jurisdiction to adjudicate the rights of a non-party." Id.

Similarly, this Court finds that it lacks jurisdiction to adjudicate the rights of the various "lien holders" in the present case. Apart from citing to the statute itself, Braun's motion cites no authority for the proposition that this Court should interfere with Braun's private contractual obligations with the listed non-party creditors. The Court accordingly denies the motion for disbursement.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Disbursement of Funds (Doc. # 36) is **DENIED**.

(2) Plaintiff's Motion for Hearing (Doc. # 37) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>13th</u> day of September, 2012.

                                              VIRGINIA M. HERNANDEZ COVINGTON
                                                  UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record